NORTHERN PACIFIC RAILWAY COMPANY *v.* SLAGHT.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 152.   Argued January 11, 1907.—Decided March 11, 1907.

A judgment on demurrer is as conclusive as one rendered upon proof.

The question as to the effect of a judgment as *res judicata* when pleaded in bar of another action is its legal identity with the judgment sought in the second action, and, as a general rule, its extent as a bar is not only what was pleaded or litigated, but what could have been pleaded or litigated.

Where a plaintiff could have pleaded rights to property in addition to those pleaded, he and his grantees are bound by that election, and after an adverse judgment cannot again assert title to the same property against the same parties under a different source of title.

A state statute of limitations does not commence to run against a government patentee until after the patent has been issued to him.

THE facts are stated in the opinion.

*Mr. Charles W. Bunn,* with whom *Mr. James B. Kerr* was on the brief, for plaintiffs in error in this case and in No. 153 argued simultaneously herewith:[1]

The Spokane company in 1886 filed proof of its incorporation as required by the act, and in 1886 and 1887 built its railway while the lands were public lands of the United States free from any claim of record. While the defendant in error had lived on the lands since 1883, he had never entered or attempted to enter them as a homestead, though they were surveyed and were subject to entry. *Hewitt* v. *Schultz,*

---

[1] See p. 134, *post.*

180 U. S. 139. The Supreme Court of Washington held that the act of 1875 did not operate upon this land (it being subject to a possessory claim) until that claim was condemned or acquired; but plaintiff in error contends that the act attached as a grant *in præsenti*, conveying a good title when the road was completed, in so far as the United States had a title to convey and subject to the possessory right. This is the necessary result of the decisions in *Noble* v. *Union River Logging Co.*, 147 U. S. 165, 172, and *Jamestown and Northern R. R. Co.* v. *Jones*, 177 U. S. 125. See *Washington and Idaho Railroad* v. *Osborn*, 160 U. S. 103, and *Spokane Falls and Northern Railway Co.* v. *Ziegler*, 167 U. S. 65.

Public lands subject to possessory claims are subject to the disposal of Congress. *Northern Pacific Railroad Co.* v. *Colburn*, 164 U. S. 383, and cases cited. *Simmons* v. *Ogle*, 105 U. S. 271; *Water and Mining Co.* v. *Bugbey*, 96 U. S. 165; *Lansdale* v. *Daniels*, 100 U. S. 113.

The issuing of a patent to Slaght without reservation or exception of the right of way does not operate to free the land from that right.

One occupying public land may protect his *possessory right* before patent. He would be protected by injunction or by any other proper remedy against a railway claiming under the act of 1875. *Washington & Idaho R. R. Co.* v. *Osborn*, 160 U. S. 103; *Spokane Falls & Northern Ry. Co.* v. *Ziegler*, 167 U. S. 65; *Brown* v. *Hartshorn*, 12 Oklahoma, 121; *Woodruff* v. *Wallace*, 3 Oklahoma, 355, and cases cited; *French* v. *Cresswell*, 13 Oregon, 418; *Burlington &c. R. R. Co.* v. *Johnson*, 38 Kansas, 142; *Wendel* v. *Spokane County*, 27 Washington, 121. See also *Pierce* v. *Frace*, 2 Washington, 81.

Under *Wiggins Ferry Co.* v. *Ohio & Mississippi Ry. Co.*, 142 U. S. 396, 410, the former litigation terminating in *Powers* v. *Slaght* is not *res adjudicata*. See also *Gilman* v. *Rives*, 10 Pet. 298; Freeman on Judgments (4th ed.), sec. 267; Van Fleet, Former Adjudication, § 306, *et seq.*

Where the judgment in the former action is upon demurrer

to a complaint, the estoppel extends only to the very point raised in the pleading and does not bar another action based upon other facts. The judgment in the other action was upon demurrer to the complaint and its effect was only to decide against the title specially set forth in that pleading. In this action the right asserted is a perpetual easement or way by virtue of the act of 1875 through the lands involved in the former suit. Not only was this right not pleaded in the former complaint, but under it the title now asserted could not have been proved.

*Mr. U. L. Ettinger, Mr. Thomas Neill* and *Mr. W. E. McCroskey* for defendant in error in No. 152, submitted:

The act of March 3, 1875 does not grant to a railroad company a right of way over lands occupied by a settler, without condemnation proceedings. *Railroad Co.* v. *Osborn,* 160 U. S. 103; *Railroad Co.* v. *Ziegler,* 167 U. S. 69.

The act was in the nature of an offer to any railroad company, to take effect when accepted. *Railroad Co.* v. *Sture,* 32 Minnesota, 95; *Denver & R. G. Ry.* v. *Wilson,* 62 Pac. Rep. 843.

The title under a patent relates back to the date of settlement. Sec. 4, Act of 1880, Supp. Rev. Stat. U. S. 282; *Maddox* v. *Burham,* 156 U. S. 544; *Nelson* v. *N. P. R. Co.,* 188 U. S. 108.

As against a subsequent claimant on public lands, the first in time is the first in right. *Shepley* v. *Cowan,* 91 U. S. 330; *Ard* v. *Brandon,* 156 U. S. 537.

A settler on public lands, before he has made a filing thereon, is protected by the act of Congress of 1880. *Nelson* v. *N. P. R. R. Co.,* 188 U. S. 108.

The court will take judicial notice of the rules and orders of the Land Department. *Caha* v. *United States,* 152 U. S. 211; *Knight* v. *United States Land Assn.,* 142 U. S. 161.

The order of withdrawal of this land, the instructions to

local land officers not to accept filings thereon and the order restoring the land to settlement are found in the land decisions. 2 Land Dec. 517; 6 Land Dec. 85 and 131.

The judgment in a former action in which the title to this land was determined is *res adjudicata* of this case. 24 Ency. of Law (2d ed.), 781 and cases cited; *New Orleans* v. *Citizens Bank*, 167 U. S. 396; *State Exp.* v. *Tacoma*, 13 Washington, 141; *Insensle* v. *Auttin*, 15 Washington, 352.

A judgment on a demurrer to the merits is as much an adjudication as if rendered after trial of facts. *Ally* v. *Nott*, 111 U. S. 472; *Gould* v. *Railroad Co.*, 91 U. S. 526; Van Fleet, Former Adj. § 306; 24 Ency. of Law (2d ed.), 798.

Mr. Justice McKenna delivered the opinion of the court.

This is an action of ejectment brought by defendant in error against plaintiffs in error in the Superior Court in and for the county of Whitman, State of Washington, for land situate in the town of Palouse.

The trial court adjudged defendant in error the owner in fee simple of the land sued for, and that the plaintiffs in error were in the possession and occupation of the portions thereof described in their answers against the will and consent of the plaintiff (defendant in error), and were occupying and in possession thereof without right, except that the Northern Pacific Railway Company, as a public carrier, had a right to hold the possession of a strip of land twenty-five feet wide, "being twelve and one-half feet on each side of the center line between the rails of its main track over and across said land, and also a tract 100 feet square." This tract was described. Defendant in error was adjudged entitled to recover "all the rest of the land described in the amended complaint." And that a writ issue to put him in possession thereof, but not until ninety days from the date of the judgment, and if an appeal should be taken and proceedings stayed then not until ninety days from the time the remittitur from the Su-

preme Court affirming the judgment should be filed; and if, in the meantime, the railway company should commence proceedings in the proper court to condemn the land claimed by it and described in its answer, for railroad purposes, then said writ should not be issued as to such land it might seek to condemn, unless the company should afterwards dismiss such proceedings or fail to prosecute the same to final judgment and pay the award that might be made therein. The Supreme Court affirmed the judgment. 39 · Washington, 576.

The facts, as far as necessary to be stated, are that after proceedings in the land office, to which the railway company was a party, a homestead patent was issued to defendant in error April 20, 1897, to lots 10, 11, 14 and 15 of section 1, township 16 N., range 45 E., Willamette meridian. Defendant in error established his residence upon the land in 1883.

In 1886 and the first half of 1887, the Spokane and Palouse Railway Company constructed and completed, at great expense, a railroad over lots 10 and 11, conforming to the survey previously made and staked out, and from and after its completion it was operated daily and continuously in the carrying of freight, passengers and mail. The right of way claimed was one hundred feet wide on either side of the main line of railroad. It would be possible for plaintiff in error, who is the successor of the Spokane company, to carry freight, passengers and mail over a right of way not exceeding twenty-five feet in width, and a space of one hundred feet square would permit of the erection of a depot at the town of Palouse. But great inconvenience would result to the citizens of that town and vicinity and the railway company. For the convenient, prompt and expeditious handling of freight and the erection of elevators for storing grain and wheat a right of way of two hundred feet is necessary. At the time the railroad was surveyed and constructed defendant in error resided upon said lands and knew of its construction and the expenditure of large sums of money therefor. About the

time of the survey he published a notice in the Palouse News, a newspaper published in the vicinity of the land, forbidding all persons from trespassing thereon.  This is the only objection he made.  In the month of August, 1887, the Northern Pacific Railroad Company, claiming to be the owner of lots 10 and 11, conveyed the same to William S. Powers, and he, on the fourteenth of September, of the same year, conveyed to the Spokane and Palouse Railway Company a right of way two hundred feet wide over lots 10 and 11, being the same then claimed by that company and now claimed by plaintiff in error, the Northern Pacific Railway Company.  On the twelfth of May, 1897, the Spokane and Palouse Railway Company, Powers and others, as successors in interest of Powers under the above deed of conveyance from the Northern Pacific Railroad Company, brought a suit against the defendant in error, which will hereafter be referred to and described.  The complaint was amended.  The date of its filing as amended does not appear.  It was sworn to February 19, 1898.  A demurrer to the amended complaint was sustained and, the plaintiffs declining to plead further, a judgment was entered June 24, 1898, dismissing the suit. The judgment was affirmed successively by the Supreme Court of the State and by this court.  No suit of any kind was commenced by defendant in error to enjoin the construction of or the maintenance of said railroad over said right of way, except the suit at bar, which was brought shortly after the decision of this court above mentioned.  The summons was served on the Northern Pacific Railway Company on the ninth of October, 1901, and the complaint was filed on the fourth of June, 1902.

The Spokane and Palouse Railway Company conveyed the right of way in controversy and all of its property on the twenty-first of February, 1899, to the Northern Pacific Railway Company, which has ever since maintained and operated said road from Spokane, Washington, to Lewiston, Idaho, and intervening points.

The Northern Pacific Railway Company (we shall follow counsel's example and treat the Northern Pacific Railway Company as the sole plaintiff in error, the individuals named being its lessees) assigns as error in its brief the ruling of the Supreme Court of the State, that the company "had no right of way under the act of Congress of March 3, 1875," 18 Stat. 482, and the ruling, "that the statute of limitations of Washington could not, because the laws of the United States forbade, commence to run until patent issued." The limitation of the statute is ten years.

The defendant in error opposes as a bar to these defenses the judgment in his favor in the suit brought by the Spokane and Palouse Railway Company and William S. Powers and others, which judgment was affirmed by this court. 180 U. S. 173. Plaintiff in error is the successor in interest of the Spokane and Palouse Railway Company, and is estopped by the judgment if that company would be.

The object of the suit in which the judgment was rendered, as appears from the findings of fact of the trial court, was to have Slaght, defendant in error, "declared a trustee, and as holding the land in trust" for the plaintiffs in the suit, and to require a conveyance from him to them, and to enjoin him from bringing any action to oust them. The amended complaint, which is made part of the findings, averred that the patent to Slaght was "issued under a misconstruction and misinterpretation of the law," and that at the date of the issuance of said patent the land was not, nor was it at the time he applied to enter the same, public land, subject to settlement or entry under the land laws of the United States, other than the act of Congress approved July 2, 1864, granting land to the Northern Pacific Railroad Company. The facts and circumstances from which these conclusions were deduced and justified were set forth with great particularity. It was averred that the Spokane and Palouse Railway Company and other plaintiffs asserted and claimed title to certain portions of the land under and by virtue of certain instruments

duly made and delivered by Powers and his grantees. And it was also averred that the questions involved were of common and general interest to many persons whom it was impracticable to make parties, and that such persons and the plaintiffs were the owners in fee simple and had an indefeasible title, and were in possession of lots 10, 11, 14 and 15 of section 1, township 16 N., range 45 E., Willamette meridian, and that Slaght claimed an interest or estate therein adverse to the plaintiffs, which claim was without any right whatever and that he had no estate, right, title or interest whatever in the land or any part thereof. And it was averred that he threatened to commence suits in ejectment, and, without suit, forcibly to dispossess and eject plaintiffs from said premises or a portion thereof unless enjoined. An injunction was prayed restraining him from selling the land and doing the acts described; that he be required to set forth the nature of his claim, and that his claim be determined; that he be adjudged to have no title or interest whatever to the land or any part thereof, and be enjoined from ever asserting any; "that the title of plaintiffs be decreed good, valid, indefeasible fee simple, and free from all claims of said defendant;" that the patent be declared to have issued under a misconstruction of law, that he be held to be a trustee for the plaintiff, William L. Powers, and his grantees, both direct and through mesne conveyance, and that Slaght be required to convey the land to Powers and his grantees. Slaght demurred to the complaint and the demurrer was sustained. The plaintiffs electing to stand on the demurrer, judgment was entered dismissing the suit. This judgment was affirmed by the Supreme Court of the State and by this court, as we have seen.

The complaint in the suit did not show what land or interest Powers deeded to the Spokane and Palouse Railway Company but it appears from the findings that the Northern Pacific Railroad Company conveyed lots 10 and 11 to Powers in August, 1887, and in September, 1887, Powers conveyed to the Spokane and Palouse Railway Company the tract of

land then used as its right of way, and that it is the same tract which was occupied by the plaintiff in error as its right of way. The basis of the title alleged in the suit was the grant to the Northern Pacific Railroad Company by act of Congress of July 2, 1864. Rights under the act of Congress of March 3, 1873, or under the statute of limitations of the State, were not set up. The Spokane and Palouse Railway Company, however, alleged that it and the other plaintiffs in the suit had a title in fee simple, and prayed in the most comprehensive and detailed way to have it quieted against the claims of the defendant in error, which, it was alleged, were threatened to be asserted by suits and by force without suit. The question now to be decided is, is the decree in the suit *res adjudicata?* Against this effect of the decree the railway company urges that it was rendered on demurrer and "the estoppel extends only to the very point raised in the pleading, and does not bar another action based upon other facts." The effect of the decree, it is insisted, was only to decide against the title specially set forth in the pleading. And further, "in this action [that at bar] the right asserted is a perpetual easement or way by virtue of the act of 1875 through the lands involved in the former suit. Not only was this right not pleaded in the former complaint, but under it the title now asserted could not have been proved." To sustain these conclusions the following authorities are cited: *Wiggins Ferry Company* v. *Ohio & Mississippi Company,* 142 U. S. 396, 410; *Gilman* v. *Reives,* 10 Pet. 297; Freeman on Judgments (4th ed.), § 267; Van Fleet, Form. Ad., § 306, and following.

The citations are not apposite to the present controversy. It is well established that a judgment on demurrer is as conclusive as one rendered upon proof. *Gould* v. *Evansville & Crawfordsville R. R. Co.,* 91 U. S. 526; *Bissel* v. *Spring Valley Township,* 124 U. S. 228; Freeman on Judgments, section 267. The question as to such judgment when pleaded in bar of another action will be necessarily its legal identity with such action. The general rule of the extent of the bar is not only

what was pleaded or litigated, but what could have been pleaded or litigated. There is a difference between the effect of a judgment as a bar against the prosecution of a second action for the same claim or demand, and its effect as an estoppel in another action between the same parties upon another claim or demand, *Cromwell* v. *County of Sac*, 94 U. S. 351; *Bissel* v. *Spring Valley Township*, 124 U. S. 225; *New Orleans* v. *Citizens Bank*, 167 U. S. 371; *Southern Pacific Railroad Company* v. *United States*, 168 U. S. 1; *Gunter* v. *Atlantic Coast Line*, 200 U. S. 273; *Deposit Bank* v. *Frankfort*, 191 U. S. 499, and a distinction between personal actions and real actions is useful to observe. Herman on Estoppel, § 92. It is there said: "Although there may be several different claims for the same thing, there can be only one right of property in it; therefore, when a cause of action has resulted in favor of the defendant, when the plaintiff claims the property of a certain thing there can be no other action maintained against the same party for the same property, for that would be to renew the question already decided, for the single question in litigation was whether the property belonged to the plaintiff or not; and it is of no importance that the plaintiff failed to set up all his rights upon which his cause of action could have been maintained; it is sufficient that it might have been litigated."

In *United States* v. *California & Oregon Land Company*, 192 U. S. 355, this principle was applied. In that case a decree rendered upon a bill in equity brought under an act of Congress to have patents for land declared void, as forfeited, and to establish the title of the United States to the land, was held to be a bar to a subsequent bill brought against the same defendants to recover the same land, on the ground that it was excepted from the original grant as an Indian reservation. And, speaking of the two suits, we said, by Mr. Justice Holmes: "The best that can be said, apart from the act just quoted, to distinguish the two suits, is that now the United States puts forward a new ground for its prayer.

Formerly it sought to avoid the patents by way of forfeiture. Now it seeks the same conclusion by a different means; that is to say, by evidence that the lands originally were excepted from the grant. But in this, as in the former suit, it seeks to establish its own title to the fee." And further: "But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim, *Fetter* v. *Beale*, 1 Salk. 11; *Trask* v. *Hartford & New Haven Railroad*, 2 Allen, 331; Freeman, Judgments, 4th ed., §§ 238, 241; and, *a fortiori*, he cannot divide the grounds of recovery."

This doctrine has illustrations in suits to quiet title. It was decided in *Lessees of Parrish* v. *Ferris et al.*, 2 Black, 606, that the judgment in an action to quiet title is conclusive of the title, whether adverse to the plaintiff in the action or to the defendant. In other words, it determines the merits of the plaintiff's title as well as that of the defendant. In *Indiana, Bloomington & Western Railway Co.* v. *Allen*, 113 Indiana, 581, it was held that the railway company could not assert against a judgment decreeing title in the plaintiff in such an action the right to construct and maintain a railway over it. And in *Davis* v. *Sennen*, 125 Indiana, 185, it was decided that every possible interest of a defendant is cut off. And necessarily every possible interest of the plaintiff is cut off if the judgment is in favor of the defendant. *Parrish* v. *Ferris, supra.*

The Spokane and Palouse Railway Company alleged a title in fee simple, and the truth of the allegation could be determined as well by demurrer as by proof, and the same legal consequences followed from it. *Clearwater* v. *Meredith*, 1 Wall. 25; *Goodrich* v. *The City*, 5 Wall. 566; *Aurora City* v. *West*, 7 Wall. 82; Black on Judgments, § 707; Freeman on Judgments, 267, and cases hereinbefore cited. The record shows that the demurrer was not upon merely formal or technical defects, but went to the merits. It was directed to the second amended complaint of the plaintiffs. They elected to stand on that complaint, and declined to plead

further. They asserted its sufficiency by an appeal to the Supreme Court of the State and again to this court, and met defeat in both, as we have seen. Whether the Spokane and Palouse Railway Company could have pleaded, in addition to the right it alleged under the deed from Powers, the rights that plaintiff in error contends it acquired under the act of Congress of 1873, or the statute of limitations of the State, we need not determine. See § 97, 120 et seq.; Story's Equity Pleading; Smith et al. v. Swormstedt et al., 16 How. 288. It elected between those rights and rights under the Powers deed, and we think its grantee is now bound by that election. The interest that the Spokane and Palouse Railway Company derived from Powers was of the right of way, which is now claimed by plaintiff in error. In other words, plaintiff in error, as successor of the Spokane and Palouse Railway Company, again asserts title to the very property that was the subject of the other suit, the source of title, only, being different. If this may be done, how often may it be repeated? If defeated upon the new title, may plaintiff in error assert still another one, either in its predecessor or in itself, and repeat as often as it may vary its claim? The principle of res ajudicata and the cases enforcing and illustrating that principle declare otherwise.

In the discussion thus far we have assumed, as contended by plaintiff in error, that the statute of limitations could commence to run before the patent issued, and we have also assumed that rights under it were complete in the Spokane and Palouse Railway Company at the time of its suit against Slaght. Lest the latter assumption be questioned it may be well to determine whether the other assumption be true. The Supreme Court decided against it on the authority of Gibson v. Chouteau, 13 Wall. 92, and Redfield v. Parks, 132 U. S. 239, that is, decided that the statute did not commence to run until the patent issued to Slaght, and that, therefore, this action was not barred. The ruling, we think, was right. The act of Congress of 1875 and the statute of limitations are

independent defenses, and, being so, the latter comes within the rule announced. Of course, if the act of Congress of 1875 was a grant of the right of way *in præsenti*, "conveying a good title when the road was completed," as contended, it needs no aid from the statute of limitations and would be an effectual defense if it were not barred by the judgment which we have considered.

*Judgment affirmed.*