FITCH v. STANTON TP. et al.

(Circuit Court of Appeals, Eighth Circuit. September 1, 1911.)

No. 3,502.

1. APPEAL AND ERROR (§ 1207*)—REVERSAL—REMAND—PROCEEDINGS IN LOWER COURT.

Where the Kansas Court of Appeals in an action on certain coupons taken from municipal bonds reversed a judgment in favor of the holder and remanded the cause to the district court, that court was authorized to render a judgment not inconsistent with that of the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4696–4699; Dec. Dig. § 1207.*]

2. JUDGMENT (§ 636*)—RES JUDICATA.

Where, in an action on certain municipal bond coupons, the Kansas Court of Appeals reversed a judgment for plaintiff, holding that the bonds themselves were void, and that plaintiff was not a bona fide purchaser thereof, and was not therefore entitled to recover interest, and no writ of error or appeal was taken therefrom, a judgment rendered by the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

district court in conformity with the judgment of the Court of Appeals was res judicata between the parties and their privies of every question which was actually involved in and determined by the judgment.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 636.*]

3. JUDGMENT (§ 713*)—"ESTOPPEL BY JUDGMENT."

The essence of estoppel by judgment is that some right, question, or fact in dispute between parties has been judicially determined by a court of competent jurisdiction, and, where such judgment is pleaded in bar of a subsequent action, the question for determination is whether such question has been so determined between the same parties and their privies, and not upon what evidence it was determined or the reason therefor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1234–1241; Dec. Dig. § 713.*

For other definitions, see Words and Phrases, vol. 3, p. 2497; vol. 8, p. 7655.]

4. JUDGMENT (§ 714*)—RES JUDICATA—IDENTITY OF ISSUES.

Where, in an action on certain interest coupons on municipal bonds, it was finally held that the holder was not a bona fide purchaser for value, and that the bonds were void, so that no recovery could be had on the coupons, such judgment was conclusive against the holder's right to maintain an action on other coupons subsequently maturing.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1242, 1243; Dec. Dig. § 714.*

Conclusiveness of judgment as dependent on theory of action or recovery, see note to Millie Iron Mining Co. v. McKinney, 96 C. C. A. 163.]

Appeal from the Circuit Court of the United States for the District of Kansas.

Action by Sherman K. Fitch against Stanton Township and others. Judgment for defendants, and plaintiff appeals. Affirmed.

E. F. Ware (W. B. Brownell, on the brief), for appellant.

Thomas A. Scates (Albert Watkins, on the brief), for appellees.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

REED, District Judge. The appellant, Sherman K. Fitch, a citizen of Minnesota, sued the townships of Stanton and Roanoke, in the county of Stanton, state of Kansas, municipal corporations created by, and existing under, the law of that state, upon 102 semiannual interest coupons of $30 each, attached to three certain alleged refunding bonds of $1,000 each, due in 30 years, issued by the predecessor of said townships February 7, 1890, upon a vote of the electors thereof in December preceding, authorizing the issuance of such bonds and others, and to require the defendants to levy a tax upon the property of the original township now within the limits of the defendant townships, to pay such coupons. The defendants demurred to so much of the bill as declared upon coupons which matured more than five years prior to the commencement of the suit, upon the ground that they were barred by the statute of limitations of the state of Kansas. They also filed a plea to the bill in which it is alleged that in a prior suit between the members of a copartnership of which the appellant was one, and the original township which issued the bonds, upon prior in-

terest coupons attached to said three bonds, it was finally adjudged that the bonds upon which the interest coupons in suit are attached were void, and that said copartnership was not a good-faith purchaser of said bonds. The appellant took issue upon the plea. The Circuit Court overruled the demurrer, but upon the hearing of the plea sustained the same and rendered a decree dismissing the bill, from which the appellant prosecutes this appeal.

From the facts stipulated by the parties, and upon which the cause was submitted to and determined by the Circuit Court, it appears:

That Stanton county, and Faulkenstein township in said county, were organized by the Legislature of Kansas in June, 1887. On March 21, 1889, the proper officers of said Faulkenstein township in due form of law called an election to be held therein December 3, 1889, at which the question was submitted to the qualified electors thereof to determine whether or not refunding bonds should be issued by the township as authorized by law to refund an alleged indebtedness of $16,000, for which said officers on that day issued the warrants of the township. That such election was held at which a majority of the votes cast thereat was in favor of issuing said refunding bonds. Afterwards, and on February 7, 1890, in accordance with such vote, the proper officers of said township did issue 16 refunding bonds of $1,000 each, payable to bearer 30 years after July 1, 1889, with 6 per cent. semiannual interest, and for which interest, 60 coupons for $30 each were attached to each of said bonds, and the warrants of said township for $16,000 were taken up and canceled. That said bonds were thereupon delivered by said officers to the American Sugar Company who at the same time agreed to construct a sugar mill in said township therefor. Each of said bonds contained a recital as follows:

"This bond is one of a series of fifteen bonds of one thousand dollars each, and issued by virtue of and in accordance with the provisions of sections one, two, and three, of chapter fifty, of the Laws of 1879; being an act of the Legislature of the state of Kansas, entitled, 'An act to enable counties, municipal corporations. the boards of education of any city, and school district to refund their indebtedness,' which said act took effect March 10, 1879. And it is hereby certified and recited that all acts, conditions and things required to be done precedent to, and in the issuing of, said bonds have been done, happened and performed in regular and due form as required by law."

That three of said bonds, viz., Nos. 1, 2, and 3, respectively, were afterwards duly recorded by the county clerk of Stanton county and the State Auditor of Kansas, as required by the law of that state. That thereafter, and on December 15, 1891, a copartnership composed of this appellant and two of his brothers, doing business under the firm name of Fitch Bros., purchased said three bonds (from which the coupons maturing prior to that date had been removed, but were never paid by said township) from the holder thereof, and paid therefor the full value of $3,000 in good faith, and in reliance upon the recitals of said bonds, without notice of any defects or invalidity therein, or in the issuance thereof, if any existed, and received the possession of said bonds from said holder.

That on April 12, 1893, coupons Nos. 5, 6, and 7 of each of said bonds remaining unpaid and, said township having made no provision for the payment of the same, said Fitch Bros., the then owner and holder of said bonds and coupons, brought suit in the district court of Stanton county, Kan., against said township of Faulkenstein to recover the amount due upon said coupons. That in said suit the said township answered and alleged in substance that said bonds to which said coupons were attached, and for the interest upon which said coupons were made, were issued without consideration, and without authority of law, and were, therefore, void, and that said Fitch Bros. were not good-faith purchasers thereof. That upon the trial of said suit the district court made a special finding of facts, among which are that said firm of Fitch Bros. purchased said bonds for a valid consideration; and found as a legal conclusion that such purchase was in good faith and without notice of any of the alleged defects in the issuance of said bonds, and were entitled to recover from said township the amount due upon said coupons, and rendered judgment against said township therefor. From such judgment the township appealed to the Court of Appeals of Kansas, which court on January 17, 1896, reversed the judgment of the district court, and said:

"The court (district court of Stanton county) erred in its conclusion of law. That the plaintiff in error (Faulkenstein township) is clearly entitled to judgment for costs. The judgment of the district court is reversed and the cause is remanded to the court below, with instructions to render judgment in favor of the plaintiff in error for costs."

No appeal was taken from such judgment, and upon the return of the mandate to the district court of Stanton county that court rendered judgment in favor of the township and against Fitch Bros. for costs, as directed by said Court of Appeals. No exception was taken to such judgment, and it has never been reversed, set aside, or modified in any way.

After such judgment, the territory which constituted the township of Faulkenstein was transferred to, and became a part of, the townships of Stanton and Roanoke, in said county of Stanton, the defendants in this suit; and the township of Faulkenstein ceased to exist. Fitch Bros. afterwards dissolved their partnership, and said three bonds and the coupons thereon were taken by the appellant as a part of his share of the partnership property. This suit is brought upon coupons Nos. 8 to 41, inclusive, upon each of said three bonds, being 102 in all, still attached to said bonds.

Upon the foregoing facts the Circuit Court sustained defendants' plea, dismissed the bill, and rendered judgment against the appellant for costs, upon the ground that the judgment in the case of Faulkenstein Township v. Fitch Bros., in the state court (2 Kan. App. 193, 43 Pac. 276), was a final adjudication that Fitch Bros. and the appellant as one of the members of said firm were not entitled to recover upon said bonds, or any of the coupons attached thereto.

The principal contention of the appellant is that the Court of Appeals of Kansas in reversing the judgment of the district court of Stanton county exceeded its jurisdiction in remanding the cause to

that court with directions to render a judgment for the township; that the judgment of the district court in accord with those directions is void; and that neither that judgment nor the judgment of the Court of Appeals estops the appellant from recovering judgment upon the interest coupons involved in this suit, which are coupons for interest accruing later upon the said bonds.

The Constitution and laws of Kansas seem clearly to authorize the Supreme Court of that state, upon reversing a judgment of the district court, to render such judgment as the district court should have rendered, or to remand the cause to that court with directions to render such judgment; and the act creating the Court of Appeals of Kansas conferred upon that court the same power that the Supreme Court possesses in causes that fall within its jurisdiction; and the case of Fitch Bros. v. Faulkenstein Township did fall within the appellate jurisdiction of the Court of Appeals.

[1] But, however this may be, the Court of Appeals of Kansas had undoubted authority to reverse the judgment of the district court in that case, and remand the cause to the court for further proceedings not inconsistent with the decision of the Court of Appeals. It did reverse that judgment and remand the cause to the district court. That court was then authorized to proceed with the cause and render judgment therein not inconsistent with that of the appellate court.

[2] It did so proceed, and rendered judgment against Fitch Bros., that the bonds upon which they sought to recover interest were void, that they were not good-faith purchasers thereof, and were not entitled to recover the interest sued for. To that judgment Fitch Bros. took no exception, and prosecuted no writ of error or appeal therefrom. It is therefore res adjudicata between the parties thereto and their privies, of every question that was actually involved in, and determined by, that judgment. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683–691, 15 Sup. Ct. 733, 39 L. Ed. 859; Northern Pacific Ry. Co. v. Slaght, 205 U. S. 122–131, 132, 27 Sup. Ct. 442, 51 L. Ed. 738; Messinger v. Anderson, 171 Fed. 785–789, 96 C. C. A. 445; Cooley's Const. Lim. *47 et seq.

[3] The essence of estoppel by judgment is that some right, question, or fact in dispute between parties has been judicially determined by a court of competent jurisdiction; and, where such judgment is pleaded in bar of a subsequent action, the question always is, Has such question been so determined between the same parties or their privies? and not upon what evidence was it determined, or the reason therefor. Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 687–691, 15 Sup. Ct. 733, 39 L. Ed. 859; Sou. Pac. R. R. Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355.

[4] Finally it is urged that the coupons involved in this suit are other and different coupons than those involved in the prior suit in the state court, and that the judgment there is not conclusive of the appellant's right to recover upon these coupons. But the right to recover any interest upon the bonds in question depends upon their validity in the hands of the appellant, or the copartnership of which he

was a member; and, if the bonds themselves were void in their inception, no interest will ever accrue thereon. The validity of these bonds was directly involved in that suit, and it was there adjudged that they are void. The estoppel against the appellant resulting from that judgment is not dependent upon the demand involved in this suit being the same as that involved in that suit; but is dependent upon the questions here involved being identical with those involved in, and determined by, that suit. New Orleans v. Citizens' Bank, 167 U. S. 371, 17 Sup. Ct. 905, 42 L. Ed. 202; Northern Pacific Ry. Co. v. Slaght, 205 U. S. 122–130, 27 Sup. Ct. 442, 51 L. Ed. 738; Sou. Pacific R. R. Co. v. United States, 168 U. S. 1–48, 49, 18 Sup. Ct. 18, 42 L. Ed. 355; Deposit Bank v. Frankfort, 191 U. S. 499–513, 514, 24 Sup. Ct. 154, 48 L. Ed. 276; Messinger v. Anderson, 171 Fed. 785–789, 96 C. C. A. 445. The identity of such questions being established, the fact that the coupons for interest here are for interest accruing later upon the same bonds, for which the coupons in the former suit were given, in no manner affects the estoppel arising from the judgment in that suit.

In New Orleans v. Citizens' Bank, 167 U. S. 395, 17 Sup. Ct. 913 (42 L. Ed. 202), above, it had been judicially determined in prior suits that the capital stock and certain other property of the bank were exempt from state taxation for certain years. Afterwards the state sought to tax such property for subsequent years, and contended that the prior judgments were not res adjudicata of its right to do so, because the taxes demanded were not the same. Mr. Justice White, speaking for the court, said:

"It results from the foregoing that the two judgments rendered after the expiration of the original charter necessarily adjudged the claim of exemption upon identically the same facts and conditions as those here presented, and they, therefore, are conclusive, unless the proposition be sound that, a claim for taxes for one year being a distinct cause of action from the tax for a subsequent year, the judgment holding that the tax of the prior year cannot be assessed or collected can never be the subject of the thing adjudged as to the tax for the future year, however absolute may be the identity of the defense and of the facts upon which the defense is founded. * * * The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies. This is the elemental rule, stated in the text-books and enforced by many decisions of this court."

And in Southern Pacific R. R. Co. v. United States, 168 U. S. 1, 48, 18 Sup. Ct. 18, 27 (42 L. Ed. 355), Mr. Justice Harlan, speaking for the court, said:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and

repose of society by the settlement of matters capable of judicial determination."

Whatever may have been the reason for the reversal of the judgment of the district court of Stanton county upon the facts found by it, and the rendition of judgment by that court upon those facts against Fitch Bros., that judgment is final and conclusive between these parties.

The decree of the Circuit Court is therefore affirmed.