IRENE HINES and Another, Appellants, *v.* JOHN J. HEARN, Respondent, Impleaded with "JOHN DOE" and Others, the Occupants of the Premises Known as 15 West Ninety-sixth Street, Borough of Manhattan, New York City, Defendants.

First Department, May 1, 1931.

*John L. Tobin* of counsel, for the appellants.

*Jacob Greenwald* of counsel [*Gordon S. P. Kleeberg*, attorney], for the respondent.

SHERMAN, J.  The action is in ejectment.  Plaintiffs' title comes to them under the will of Charles C. Cunnion, who at the time of his death was the record owner.

The first affirmative defense and counterclaim and the second affirmative defense in the amended answer have been stricken out upon plaintiffs' motion, a prior judgment of the Supreme Court dismissing on the merits an action brought by respondent Hearn against plaintiffs having been held to be *res adjudicata.*

The third and fourth separate defenses and counterclaims have, however, withstood plaintiffs' attack.  From so much of the order as denies the motion to strike out the third and fourth defenses and counterclaims, this appeal is taken.

As defenses they are inadequate, and remain to be weighed as counterclaims.  In each, the relief asked by Hearn is that he be adjudged a one-half owner of the realty and that plaintiffs be required to convey that interest to him.

The third counterclaim repeats the allegations of the first separate defense and counterclaim — being in substance to the effect that respondent Hearn had contracted for the premises in suit and caused the deed to be made to Cunnion (under whose will plaintiffs claim ownership of the premises) upon the understanding that Cunnion was to take title for Hearn and to reconvey the premises to Hearn or his designee, Hearn having paid the purchase price and having been in possession of the property throughout.  The averments of this counterclaim are counter to the said judgment entered in the prior equity action in the Supreme Court, in which Hearn had unsuccessfully claimed ownership of the premises and sought to require the present plaintiffs to convey the entire fee to him.  Having failed to obtain the entire fee, his counterclaim

now demands that plaintiffs convey to him a one-half interest in the same premises. These allegations repeated as part of this third affirmative defense and counterclaim are ineffective. They must be disregarded, because the findings and judgment in the prior action disproved them and confirmed title in plaintiffs' testator as of August 8, 1917, when title was taken by Cunnion.

The remaining allegations of this third defense and counterclaim are to the effect that thereafter Cunnion loaned moneys to Hearn, and that it was agreed between them that because of this loan, Cunnion should have a one-half interest in the real estate, and that, when and if, Hearn repaid the loan to Cunnion, Cunnion would execute a deed of one-half of the real estate to Hearn. Obviously, since the judgment in the prior action confirmed Cunnion's title to the property, these averments whereby he (being the owner of the realty) is said to have engaged to retain only a one-half interest, as a result of his lending money to respondent, and to be divested of all ownership, if the loan was repaid, state no enforcible obligation. This claim is utterly absurd. No consideration exists for Cunnion's divesting himself in whole or in part of the full ownership which he possessed; for if the loan were repaid, he was to have only half as much interest in the property as he had before he made the loan. If the loan were not repaid, he was to lose one-half of the property.

In the fourth separate and distinct counterclaim, defendant, respondent, asserts that prior to making the contract, on July 1, 1917, to purchase the premises, he and Cunnion had entered into an agreement or joint adventure whereunder they had agreed to purchase the premises mentioned in the complaint and to share equally therein, and that title was subsequently taken to such premises in the name of Cunnion pursuant to that arrangement, so that Hearn was and is entitled to a conveyance of one-half thereof. Judgment is demanded that Hearn be declared the true owner of an undivided one-half of the realty and that plaintiffs be required to convey that interest to him.

Under the rule reflected in decisions in the Federal courts, and in some sister jurisdictions (Freeman Judgments [5th ed.], §§ 855–875), when an issue is made as to the title to real estate of a party to an action, there arises the duty to present every title or claim to title which the litigant may have, because ordinarily they should and will all be finally adjudicated for or against him by the single judgment. (*Northern Pacific Railway* v. *Slaght*, 205 U. S. 122; *United States* v. *California & Oregon Land Co.*, 192 id. 355; *Werlein* v. *New Orleans*, 177 id. 390; *Southern Pacific Railroad* v. *United States*, 168 id. 1.) In *United States* v. *California & Oregon Land*

*Co. (supra)* Justice HOLMES stated (at p. 358): " But the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim, \* \* \* and, *a fortiori*, he cannot divide the grounds of recovery."

We have found no decisions in this State carrying the rule to the full extent enunciated in the Federal courts.

We must determine on this appeal whether the existence of the alleged agreement or joint adventure now set up, pursuant to which Hearn claims a one-half interest in the property, was judicially negatived in the prior action. If the subject-matter of this fourth counterclaim was involved in the prior adjudication, that judgment would be final upon the matters now sought to be litigated, because subordinate rights or questions which are branches of a larger right or question put in issue are determined by a judgment on the merits denying all relief. (*Pray* v. *Hegeman*, 98 N. Y. 351, 359.)

However, we are here dealing with the phrases of a pleading. We cannot hold, upon the papers before us, that the matter of the joint adventure was actually in issue and adjudicated in the earlier action. The time element is important. Respondent now claims that title was taken in Cunnion's name pursuant to the *earlier* partnership agreement. From the record before us we cannot determine whether that issue was tried out, actually or inferentially, in the prior suit. The findings in that action disproved the claim arising out of the agreement alleged to have been made at the closing. This partnership agreement is said to be an earlier agreement and to have governed the closing.

We cannot say that the present claim was brought to the attention of the Special Term upon the prior trial, and, therefore, it must be assumed that Hearn has alleged an independent cause of action, one not in issue nor involved in the prior action and not necessary to that adjudication. Upon that assumption, the fourth counterclaim cannot at present be dismissed, even though piecemeal attacks upon real estate titles are not to be encouraged.

The order so far as appealed from should be modified by striking out the third defense and counterclaim and as so modified affirmed, with ten dollars costs and disbursements to the appellants.

FINCH, P. J., O'MALLEY and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes to affirm.

Order so far as appealed from modified by striking out the third defense and counterclaim, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.