FRANCES LALOMA, Plaintiff and Appellant, *v.* CARMEN FERNÁNDEZ LÁTIMER, Defendant and Appellee.

No. 8418. Argued March 3, 1943.—Decided March 12, 1943.

*Leopoldo Feliú* for appellant.  *R. Castro Fernández* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The facts and holding herein are sufficiently stated in the opinion of the lower court, reading in part as follows:

"The complaint avers in substance that Josefa Echevarría was, until the date of her death, owner of a certain property; that the plaintiff is her sole heir; that the defendant, knowing that she was not the owner of the property but that the plaintiff was the owner, filed an action against the plaintiff to revendicate the farm, knowingly averring untrue facts to prove her alleged title to the property; that the plaintiff in this case filed a demurrer; that the demurrer was overruled and the plaintiff herein was granted a term to answer; that the plaintiff chose not to answer and to pray for judgment on the pleadings, from which she appealed to the Supreme Court, which court affirmed the judgment rendered against her, and that afterwards she prayed this court to vacate the judgment and that she be permitted to file an answer, her motion being denied.

"Besides the averments above mentioned, the complaint contains numerous statements as to the good faith of the plaintiff, as to the bad faith of the defendant, and as to the fact that if she did not answer the complaint in the first case, it was because her attorney in that case (the same one who represents her now) thought it was more desirable to ask for a judgment on the pleadings, in order to appeal to the Supreme Court, in the belief that the Supreme Court would give her an opportunity to answer, in case her appeal did not prosper, and that if she did not ask the Supreme Court in due time to vacate the judgment and allow her to file an answer, it was because her attorney was ill.

"The defendant has filed a demurrer to the complaint, on the ground, among others, that it does not adduce facts sufficient to constitute a cause of action.

"The complaint shows that the plaintiff was aware of the alleged falsity of the defendant's title when this court granted the plaintiff the opportunity to answer the complaint of the defendant and when

the plaintiff chose not to make use of it and prayed for a judgment on the pleadings, and that the plaintiff was then as prepared to aver the alleged falsity of title as she is now.

"It is evident that the complaint shows that the rights of the parties to the property described in the complaint have already been determined by this court. The plaintiff can not now renew the suit through the mere averment that the defendant's title is false, and that the defendant knew it when she prayed this court to declare it genuine, especially when it appears from the complaint that the plaintiff knew of the supposed falsity of title and chose not to present that defense.

"The cases cited by the plaintiff are not applicable. Undoubtedly a judgment can be vacated for fraud, in general terms, but not when the alleged fraud refers to the facts that were directly involved in the suit, and the party aggrieved by the judgment knew the facts and had ample opportunity of presenting its defense before judgment was rendered. If a judgment could be vacated for the sole reason that the plaintiff knowingly lied as to the essential facts, even though the defendant knew he was lying and chose not to contradict him, with even more reason should a judgment be vacated in cases in which the defendant chose unsuccessfully to contradict the plaintiff. And if such were the rule, suits in which the evidence is in conflict would never terminate, because the party originally losing the suit could pray for its nullity and so obtain a new trial and a new decision of the controversy, the suit going on *ad infinitum*.

"In the case at bar the plaintiff had ample opportunity to state her rights, present her evidence and convince this court that she was right. She used this opportunity in the manner she thought most desirable. She had her day in court. She is not entitled to another."

The plaintiff has appealed, alleging that the district court erred in holding that the plea of *res judicata* was well taken. However, we find no error in the ruling of the district court.

██ Where, as in this case, a demurrer or motion to dismiss goes to the merits, as distinguished from such a motion raising questions of form or procedure, a judgment thereon is as conclusive on the facts confessed by the demurrer as one obtained upon proof. A judgment thus rendered is therefore a bar to a subsequent suit on the same

cause of action. *Aguilera* v. *Pérez,* 51 P.R.R. 1; *Northern Pacific Railway* v. *Slaght,* 205 U. S. 122, 130, 31; Annotation, 106 A.L.R. 437; Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1, 5 (1942). Cf., *Cromwell* v. *County of Sac,* 94 U. S. 351.

It is not questioned herein that the previous suit and the instant case involved the same cause of action (Scott, *supra* at p. 22. For an interesting situation involving a *different* cause of action, see *Gelpí* v. *Tugwell,* 123 F. (2d) 377 (C.C. A. 1st, 1941), discussed in Scott *supra* at p. 16). And it is admitted that the alleged falsity and fraud were known to the plaintiff when she chose to rely on her demurrer confessing the facts and appealed. " . . . the whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot even split up his claim . . . and, *a fortiori,* he cannot divide the grounds of recovery." (*United States* v. *California & Ore. Land Co.,* 192 U. S. 355, 8.). In the same way, one cannot test out different lines of defense against the same cause of action by means of different suits. When you are confronted by a case, the public policy behind the doctrine of *res judicata* requires you to marshal all the available facts and law and to present them to the court in one suit.

As this court put it, through Mr. Justice Travieso, in *Vázquez* v. *Santos,* etc., 54 P.R.R. 587, 593, "The plaintiff who starts a suit is under obligation to set forth all his rights to avoid the inconveniences resulting if each and every one of the reasons or causes that the actor knew and might have alleged to ask for the nullity of the judgment are considered as distinct and independent actions." (See *Gallardo* v. *Rodríguez,* 42 P. R. R. 890; Restatement, Judgments, Chapter 3, Introductory Note, pp. 158, 9; §§45, 46.

■ Under what circumstances subsequently discovered fraud may or may not enable one to bring an action for the nullity of a judgment is not before us, and we therefore do

not examine that question in this opinion (Cf. Restatement, Judgments, §118, especially discussion of so-called extrinsic fraud). There is therefore no occasion here for a discussion of such cases as *Aybar* v. *Vara*, 51 P.R.R. 182, and *Merino* v. *N. Y. Fire Ins. Co., et al.*, 35 P.R.R. 414, as compared with *Cintrón* v. *Yabucoa Sugar Co.*, 54 P.R.R. 493 and *Carrión* v. *Lawton*, 44 P.R.R. 448.

The judgment of the district court will be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús did not participate herein.