Mr. Justice NELSON.
 

 This is a writ of error to the Circuit Court of the United States for the Southern District of Ohio.
 

 The action was ejectment to recover possession of certain parcels of land situate in the county of Hamilton.
 

 On the trial the lessor of the plaintiff claimed title to the premises under the will of Andrew Ferris and Elizabeth A. Parrish, his wife, who was a daughter and only child of Andrew Ferris.
 

 The defendants by way of defence, claimed title also under the same will; and’in addition, set up in bar of a recovery a previous suit between the same parties in the Courts of the State of Ohio, involving the same title, and in which a judgment or decree was rendered in their favor.
 

 By a Statute of Ohio, it is provided that “ an action may be brought by any person in possession, by himself or tenant, of real property, against any person' who claims an estate or interest therein adverse to him, for the purpose of determining such adverse estate or interest.”
 

 In 1858, Francis A. Parrish, under whom the present lessor claims title, being in possession of the premises, instituted pro ceedings under this statute against the present defendants in the Court of Common Pleas of the County of Hamilton; and in his bill or complaint set forth that he was in possession, holding the same as absolute owner in fee simple, and with the legal title thereto of the premises in question, describing them, and charging that the defendants claimed to have some estate or interest in the same and prayed that the defendants might be compelled ■ to show what estate or interest in the lands they or any of them might have; that the Court might determine and declare that the defendants, nor any of them, had any valid interest or estate therein; and would order that the title of the p’aintiff and his possession be established and quieted.
 

 To this bill of complaint the defendants answered, and admi
 
 *608
 
 the possession of the plaintiff, hut deny that he held the same as absolute owner in'fee simple, and with the legal title thereto; and then set up title in themselves under the will of Andrew Ferris!
 

 This is the substance of the issue made between the parties It is very much amplified by the form of the pleadings- adopted, which set out the evidence of the facts, instead of the facts themselves. The Court, however, look to the substance of the issue, and by that it appears that each party claimed title derived from the'will of Andrew Ferris — the plaintiff claiming by devise through his wife, the only child of the testator; the defendants as his brothers and sisters, or their heirs. The title, whether in the one or the other,.turned upon a construction of the will of Andrew Ferris, the common source of title.
 

 The Court, after consideration, held that the plaintiff took the legal title in the premises, and that the defendants had no title or interest in the same, and gave judgment accordingly; whereupon the defendants appealed to the District Court, which, on account of the case-involving difficult and important questions of law, sent it to the Supreme Court for determination.
 

 That Court, after holding that no estate passed to the plaintiff under the will of Andrew Ferris and the devise of his wife, and that it. passed to the defendants, the brothers and sisters, reversed the decision of the Court of Common Pleas and decreed a dismissal of the bill or complaint and remanded the cause to the District Court to have this decree carried into effect.
 

 It will be seen from the above statement of the issue that the precise question in the former suit between these parties, or those under whom they claim, was involved and decided that is presented in the present one; and, further, that the decision of the Court could not have been rendered in favor of the defendants in that suit without determining it. In the former suit the question turned upon the construction of the will of Andrew Ferris, which is the question again sought to be raised in the present one and clearly upon well settled principles this adjudi- -.
 

 •‘"■on by a Court of concurrent jurisdiction must be regarded as.
 
 *609
 
 final and conclusive' between tbe same parties, unless some special ground is shown to take tbe case out of tbe rule.
 

 ■ It has been insisted by tbe counsel for tbe plaintiffs in error, that this Court is not bound by tbe decisions of tbe. State Courts upon tbe construction of wills especially, unless that construction has, by tbe repeated decision of tbe Courts, .become a fixed rule of property in the'' State; and several authorities have been referred to in support of tbe position. Without expressing any opinion on this question, it is a sufficient answer to say, .even admitting tbe position contended for, it could not help tbe plaintiff, as it has no application to tbe present case. This Court acknowledges tbe rule, and has uniformly applied it, of tbe conclusiveness of a judgment of a Court of concurrent jurisdiction between tbe same parties or their privies upon tbe same question.
 

 It has also been contended that tbe power conferred upon tbe Courts by tbe Statute of Ohio, under which tbe proceedings in tbe former suit took place, did not enable tbe Court to pass a definitive judgment between tbe parties upon tbe legal title. We have not been furnished with any construction of this statute by the Supreme Court of Ohio as to tbe extent and effect of this jurisdiction. ' We can only regret this, and give to tbe act such an interpretation as seems to us best warranted by its terms, aided by the practical construction derived from tbe present litigation in the State Courts.
 

 The statute authorizes any person in possession of real property to institute a suit against any one who claims an estate or interest therein adverse to him for tbe purpose of determining such adverse estate or interest. Now it is quite apparent that tbe title of tbe defendant to tbe lands in question is involved under this act, and that tbe determination of tbe Court must be conclusive against him and all claiming under him as between. the parties. If not, tbe act is of no effect. And it is difficult to see bow this determination can take place without at tbe same time necessarily involving tbe determination of tbe plaintiff’s title. Tbe estate to be determined by tbe very, terms of tbe act is an estate adverse to tbe plaintiff, thus raising an issue
 
 *610
 
 between the estates or titles of the respective- parties to the lands in controversy. Again, suppose the determination he,, as it was in this case, in favor of the adverse estate, is the adjudication of no effect? Is it binding only when against this estate ? We suppose not.
 

 We have said we have been aided upon this point by the practical' construction given to the statute in the-proceedings of ‘the Court below. The pleadings put in issue the legal title to the-premises in dispute between the parties — each set up a claim to the title and relied solely upon it. The Court of Common Pleas passed upon this title, and upon nothing else, as did the Supreme Court on the appeal. It seems, quite clear that both the counsel and the Courts in these proceedings understood the jurisdiction conferred upon them, as we have endeavored to explain it.
 

 The Court of Common Pleas, which decided the question in favor of the plaintiff not only adjudged that he had the legal title/ but that the defendants had not. The Supreme Court, on the. appeal, having reversed this judgment, directed that the proceedings be remitted to the Court below, and there be dismissed.
 

 It was a dismissal of the plaintiff’s suit upon the merits, and, of course, as conclusive upon the rights of the parties as any other judgment that might have been rendered in the case.
 

 Judgment of the Court affirmed: -