SAMUELS v. REVIERE et al.

(Circuit Court of Appeals, Fifth Circuit.   April 30, 1901.)

No. 934.

RES JUDICATA—MATTERS CONCLUDED—QUESTIONS WHICH MIGHT HAVE BEEN LITIGATED.

Defendant in an action of trespass to try title set up as a defense that plaintiff's title was based upon an execution sale which was void because the land was at the time the homestead of the execution defendant, who was defendant's grantor.   Pending the action, defendant filed a bill in equity seeking the cancellation of the plaintiff's deed upon the ground of irregularities in the sale.   This suit finally resulted in a decree dismissing the bill.   *Held*, that such decree rendered the question of homestead raised by the answer in the action at law res judicata, since such question went to the validity of plaintiff's deed, which was the matter in issue in the equity suit, and should have been, if it was not, raised and decided in such suit.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This is an action of trespass to try title, and was brought in the court below by S. L. Samuels, the plaintiff in error, a citizen of the state of New York, against the defendants in error, W. J. Reviere, Jr., James Reviere, Mack Wilder, and Samp Richardson, citizens of the state of Texas, to recover 200 acres of land.   The three last named defendants by answer said that they occupied the premises as tenants of W. J. Reviere, Jr., and they disclaimed all other interest.   W. J. Reviere, Jr., in his answer, pleaded not guilty; and he further alleged specially that he had purchased the land in September, 1892, from J. M. Reviere, who was at that time the owner and in possession of it; that J. M. Reviere was a married man, and entitled to a homestead under the laws of the state of Texas, and that the land in controversy was his homestead; that the right which the plaintiff asserted to the land was acquired by the levy of an attachment thereon, and by the sale of the land under an execution in his favor against J. M. Reviere while it was the homestead of the latter, and that the levy upon and sale of the land by the plaintiff under his attachment and execution were nugatory and invalid as against the homestead rights of J. M. Reviere, under whom the defendant W. J. Reviere, Jr., claimed.   On the 8th of May, 1896, the defendant W. J. Reviere, Jr., and J. M. Reviere, as complainants, filed their bill in equity against S. L. Samuels in cause No. 127, in the same court, setting up therein the pendency of this action, and alleging that the proceedings whereby Samuels had acquired title to the land under his judgment and execution against J. M. Reviere were invalid, owing to irregularities, and the failure to comply with the statute, in connection with the levy of the writ of attachment, and for inadequacy of price at the execution sale at which Samuels had purchased the land, and alleging that Samuels was asserting title to the land in this suit under illegal and void proceedings, and praying that they be annulled and set aside, and that the deed of the sheriff to him be canceled.   Among other averments, the bill contained the following: "And this plaintiff makes known to the court that in said action of trespass to try title he is defending the same upon matters cognizable at law alone, but, in addition to said matters cognizable alone at law, he has other equitable defenses, such as more fully shown and set up hereinafter.   Complainants make known, aver, and charge that said tract of land involved in said action at law at the time that said defendant S. L. Samuels levied his attachment thereon, and at the time he sold the same under his execution as aforesaid, was, and now is, of the reasonable value of five thousand dollars, and these complainants state to the court that they are informed, and so believe and charge, that the said sale of said tract of land by the defendant herein, S. L. Samuels, whereby he became the purchaser thereof for said sum of $85, as aforesaid, was attended with such irregularities in the

failure to levy upon the personal property, coupled with the character of his action by publication, thereby evincing a want of notice, whereby the complainant J. M. Reviere would have had no opportunity to have appeared and paid off the said indebtedness involved in the suit of S. L. Samuels against him in said justice court of precinct No. 1, McLennan county, Texas, and coupled with the fact that he, the said S. L. Samuels, became the purchaser of said property at his own sale, whereby he could not become an innocent purchaser for value, not having expended anything on the faith of his purchase, the sale at such an insignificant sum as he paid therefor, and upon such an inadequacy of price at such sheriff's sale, would be regarded as unconscientious in him, the defendant, as the purchaser of the property, to hold the same, and would amount to a fraud upon the rights of this complainant, W. J. Reviere, Jr., as the owner of said property, and vendee of J. M. Reviere, to attempt to hold the same against his rights. And these complainants aver and charge that they are informed by their counsel in this case and believe that the amount paid by the said S. L. Samuels, being so shockingly disproportionate to the value of said property, in a court of equity and in conscience would not be regarded as any consideration whatever, and that the mere fact of the defendant herein attempting to hold said property under the circumstances would be regarded as conclusive evidence of fraud, and especially a fraud upon the rights of this complainant, W. J. Reviere, Jr., the now owner of said land." The bill contained a prayer for an injunction against the prosecution of the suit at law, and for a decree canceling the sheriff's deed to Samuels. Samuels filed an answer to this bill, and proof was taken, and the cause was regularly tried on the pleadings and proof. A decree was rendered by the circuit court granting relief to the complainants by annulling and canceling the conveyance from the sheriff to Samuels. After such decree was entered, Samuels appealed to this court, and here the decree of the lower court was reversed, and the cause remanded, with instructions to dismiss the bill. The trial in both courts was on pleadings and evidence going to the merits. The opinion of this court, with a statement of the case, is reported in Samuels v. Revier, 34 C. C. A. 294, 92 Fed. 199. The lower court, pursuant to the decision of this court, on April 10, 1899, entered a final decree dismissing the bill. To return to the present suit at law: On the 21st of April, 1899, the plaintiff (the plaintiff in error here) filed in this cause his first supplemental petition, pleading the decree of the court in the equity cause as res judicata to the plea of defense of homestead set up by the defendant W. J. Reviere, Jr., in his answer. W. J. Reviere, Jr., filed exceptions to the replication or supplemental petition of res judicata, and the court sustained the exceptions. The case was then tried on the issues, and a verdict was found, and judgment rendered for the defendant W. J. Reviere, Jr. The case is brought here by the plaintiff, S. L. Samuels, to reverse that judgment.

E. A. Jones and Wm. Sleeper, for plaintiff in error.

John L. Dyer, for defendants in error.

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The case we are considering is an action at law by Samuels against Reviere to recover 200 acres of land. Pending this suit, being in possession of the land, Reviere filed a bill in equity against Samuels to cancel the deed by which Samuels claimed the land. A decree was entered canceling the deed, but on appeal the case was reversed, and remanded to be dismissed. The trial was on the merits in both the circuit court and the court of appeals. The question here is as to the effect of the decree dismissing the bill. Samuels, the plaintiff in error, contends that it is res judicata as to the defense of Reviere that, when the land was sold by the sheriff and purchased by Sam-

uels, it was the homestead of J. M. Reviere, W. J. Reviere's vendor, and therefore was not subject to execution sale. Samuels' contention is that this defense is a thing adjudged in the chancery case. Reviere, on the other hand, contends that he did not, by the bill, seek the cancellation of the sheriff's deed to Samuels on the ground that the land was a homestead, and that the question of homestead, not being in issue in the equity case, is not settled by the decree. It is true that the bill in equity did not seek a cancellation of the deed because of the lands having been a homestead. The grounds alleged in the bill are that the sale was for a grossly inadequate price, and that the defendant in execution had personal property that should first have been levied on. The one aim of the bill, however, was to obtain a cancellation of the sheriff's deed. If the decree of the circuit court canceling the deed had not been reversed, it would have ended Samuels' claim to the land. It would have been, as to him, in this case, res judicata, settling the invalidity of his deed to the land. The case having resulted finally the other way, and the bill having been dismissed on the merits, it would seem just that the decree should be equally conclusive as against Reviere that the deed was valid. It is unquestionably a general rule that at law or in equity a judgment or decree is conclusive between the parties upon the matters determined. The contention of Reviere, however, is that the matter set up in his plea in reference to the homestead is not determined, because he did not put it in issue. He sought to have the deed canceled because of gross inadequacy of price at the sheriff's sale, and because of other irregularities not raising the question of homestead. It is well settled, however, that an adjudication is final and conclusive, not only as to the matters actually determined, but as to all matters which the parties might have litigated and have had decided as essentially connected with the subject-matter of the litigation, and coming within the legitimate purview of the original action. It is not meant by this that a suit is conclusive against the plaintiff as to a matter constituting another cause of action, which he might have joined with the claim asserted in his action. He need not, of course, assert such separate cause of action merely because he would have been permitted to join it. The rule does mean, however, that when a suit is brought for a specific purpose,—as, for example, a bill in equity to remove cloud from title by canceling an adversary conveyance,—the plaintiff must assert in his cause of action all grounds upon which he claims that the deed he is attacking is invalid. He cannot be permitted to file a bill asking to have a deed canceled, asserting its invalidity upon one ground, and retain another to assert at some other time or in some other forum. He must present his entire case. He cannot be permitted to withhold part of his case with or without notice in his bill. It follows that the decree is as conclusive as to these matters which he should present and withholds as it is against those actually presented. Freem. Judgm. (4th Ed.) § 249, p. 441; Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004; Perry v. McLendon, 62 Ga. 598; Beloit v. Morgan, 7 Wall. 619, 622, 19 L. Ed. 205; Parrish v. Ferris, 2 Black, 606, 17 L. Ed. 317. If the land in controversy was a homestead, and not

subject to sale, equity would have had jurisdiction in the first instance to have enjoined the sale (Freem. Ex'ns, § 439; Webb v. Hayner [D. C.] 49 Fed. 601; Van Ratcliff v. Call, 72 Tex. 491, 10 S. W. 578); and, of course, there is jurisdiction in equity to cancel the sheriff's deed, after such sale of the homestead is made, because of its being a cloud on the title. This claim of homestead could have been set up in the bill in equity, and, if it had been sustained by the evidence, it would have justified the court in canceling the sheriff's deed. This question, therefore, is a thing adjudged. It is not proper that it should be retried. The decree in the equity case is an answer to the plea of homestead set up in this case. In holding that this defense of homestead was not concluded by the decree in equity, the circuit court erred. The judgment of the circuit court is reversed, and the cause remanded for a new trial.