## COLEMAN v. SWEENEY et al.

No. 6221.   Opinion Filed March 14, 1916.

(156 Pac. 239.)

**GUARDIAN AND WARD—Guardian's Sale—Order Setting Aside—Notice—Resale.**   Under section 6388, Rev. Laws 1910, where a purchaser at a guardian's sale refuses to comply with the terms thereof, the county court may, after the required notice, order a resale of the property; and where, pursuant to the provisions of said statute, the court sets aside an order confirming the sale of a ward's property, all persons thereafter dealing with said property are chargeable with notice thereof (following **Morris v. Sweeney,** 53 Okla. 163, 155 Pac. 537).

(Syllabus by Bleakmore, C.)

*Error from District Court, Marshall County;*
*Jesse M. Hatchett, Judge.*

Action by Texie Coleman against Frank Sweeney and another.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*Sigler & Howard,* for plaintiff in error.

*J. B. Moore,* for defendants in error.

Opinion by BLEAKMORE, C.   This action was commenced in the district court of Marshall county on November 13, 1912, by Texie Coleman, as plaintiff, against

Coleman v. Sweeney et al.

Frank Sweeney and Joseph Sweeney, to quiet title to certain lands. The parties are referred to as they appeared in the court below. There was judgment for defendants quieting title in them to the lands involved, and plaintiff has appealed.

The lands in question are a portion of the allotment of Arra Ann Sweeney, a full-blood Mississippi Choctaw Indian, who died in the year 1903, and were inherited by defendants, her minor children and only heirs. In March, 1909, J. E. Hammonds, the then guardian of the defendant minors, pursuant to an order, authorizing the sale and confirming the same, duly made in a proper proceeding in the county court of Stephens county, where such guardianship was pending, sold said lands to one Luella Williams, and executed to her a deed of conveyance therefor, reciting and acknowledging receipt of a consideration of $900. The grantee in said deed obtained possession thereof without paying said consideration. The land is located in Marshall county, where said deed and order of the county court of Stephens county confirming said sale were recorded on April 1, 1909. Thereafter, on July 20, 1909, upon regular application of the guardian for a resale of said lands showing that the purchaser at the guardian's sale, Luella Williams, had neglected and refused to comply with the terms of said sale, the county court of Stephens county, by order in the guardianship proceedings, vacated and set aside its former order confirming said sale. Such order, however, was not recorded in Marshall county, where the land is situate. Thereafter, on March 1, 1911, Luella Williams executed and delivered to the plaintiff a waranty deed purporting to convey said lands.

It is contended:    (1) That the order of the county court of Stephens county, vacating its order confirming the sale of said lands to the plaintiff's grantor, Luella Williams, was without authority of law and void; and (2) that the plaintiff is a purchaser for value without notice, actual or constructive, of said order, and the same is without force or effect as to her.   In the recent case of *Morris v. Sweeney*, 53 Okla. 163, 155 Pac. 537, wherein the same proceedings of the county court of Stephens county, but relative to another portion of the allotment of said Arra Ann Sweeney, inherited by the minor defendants herein, were considered, the identical questions here presented were determined adversely to the contention of the plaintiff.   In the syllabus, it is held:

"Under section 6388, Rev. Laws 1910, where the purchaser at a guardian's sale fails to comply with the terms of the sale, the court may, after notice to the purchaser, order a resale to be made of the property.   Where the court under the terms of section 6388, Rev. Laws 1910, sets aside an order of confirmation and orders a resale of the ward's property, all persons thereafter dealing with said property are charged with notice of such orders."

In the body of the opinion, it is said:

"* * *  And as between the guardian and the purchaser Williams no question is or could be made as to the effect of these proceedings when the authority of the court so to do is established."

It will be noted that the conveyance from Luella Williams, under which plaintiff herein claims title to the premises, was executed more than 18 months after the order vacating and setting aside the confirmation of the guardian's sale had been made.   In *Morris v. Sweeney, supra,* it is further said:

"The claims of all the other defendants as to the estate of the minors attached after the order of July 20, 1909, setting aside the confirmation and ordering a resale, and they were therefore charged with notice of the fact that said order had been made, and dealt with the interest of the minors under the circumstances at their own risk. Counsel claim that said order had not been recorded in the county where the lands were situated, but whether it was so recorded does not appear from the record herein. The only reference we find thereto is where counsel object to certain testimony upon that ground. However, we think this is immaterial. The lands involved were lands of minors, and the chain of title necessarily disclosed the probate proceedings in which the attempted sale was had, and intending purchasers were charged with knowledge of the fact that title could only be obtained thereto by virtue of an order of sale duly had in proper proceedings, which had to be confirmed by the court in which such proceedings were pending; and they were further charged with knowledge of the fact that the court had the power, under the statute above quoted, to set aside the order of confirmation upon proper showing and to order a resale of the premises, and it was their duty to examine said proceedings to determine whether an order of this kind had been made."

It is unnecessary to advert to the other points presented in the briefs.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.