## SWEENEY et al. v. COLEMAN.

No. 9083—Opinion Filed Dec. 24, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac.; 495.)

1. **Judgment — Res Adjudicata — Action to Quiet Title.**

A full-blood Choctaw Indian, having an allotment, died, leaving a husband and two minor children. The husband conveyed his life estate in said lands to W., who subsequently, at a guardian's sale, bought the interest of said minors, and received a deed therefor, which deed was subsequently, by the county court having jurisdiction of said minor's estate, canceled. Afterwards W. conveyed said lands to T. C., who took possession of same, and brought action to quiet title to said lands against said minors, which resulted in a judgment for said minors, which judgment was superseded, appealed to this court, and by this court affirmed. Thereafter T. C. brought a second action against said minors to quiet title to the same land involved in the said first suit, upon the ground that said life estate had not been pleaded or proven in said first title, and to enjoin the execution of the judgment rendered in said first suit, to which said second action the defendants pleaded the first action as res judicata thereof; the facts to support said plea of res judicata being sufficiently admitted in the petition in said second suit. Held that, as the said life estate could have been pleaded and proved in said first case, said plea of res judicata being well pleaded, and the facts to support said plea being sufficiently admitted in the petition in said second suit the court committed reversible error in rendering judgment for T. C. in said second suit, and enjoining the execution of the judgment rendered in said first action, and enjoining action on the supersedeas bond given in said first case.

2. **Same.**

Where a party claims a life estate in land, and also claims a fee in the same, and brings action to recover said lands and remove clouds from the title thereto, and the only title pleaded and attempted to be proved in said cause is as to the fee, and the case is adjudged adversely to said party, appealed to and affirmed by this court, said party cannot maintain against the same parties, for the same land involved in the first action, another suit based upon the life estate, as in said first action, whether pleaded and proved or not, the former judgment is conclusive as to said life estate, since the same could have been pleaded and proved in said first action.

(Syllabus by Collier, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Texie Coleman against Robert Sweeney and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions to set aside the judgment, dissolve the injunction granted, and to enter judgment for defendants.

Russell B. Brown, Probate Atty., and J. B. Moore, for plaintiffs in error.

R. A. Howard and Guy H. Sigler, for defendant in error.

Opinion by COLLIER, C. This action is brought by defendant in error against the plaintiff in error to quiet title to land described in the petition, and that she be adjudged to be the owner thereof during the life of Robert Sweeney, and that said plaintiffs in error, and each of them, be enjoined from asserting or claiming any right or title adverse thereto, and praying for an injunction pending the hearing of this case enjoining defendants from the execution of a judgment rendered in a former suit between the same parties in the same court, in regard to the title to said land, and from bringing action on the supersedeas bond given in the said former case. Hereinafter the parties will be styled as they were in the trial court.

The uncontradicted evidence shows the land in controversy was the allotment of Arra Ann Sweeney, who died, leaving a husband, Robert Sweeney, and two minor sons, Joseph and Frank Sweeney; that on January 18, 1909, the said Robert Sweeney sold his life estate in said allotment to Louella Williams, that Louella Williams afterwards purchased at a guardian's sale, which sale was afterwards canceled, the interest of said minors in said lands, and subsequently by warranty deed conveyed the lands in controversy to the plaintiff, who took possession of the same; that thereafter the plaintiff brought action against the defendants to quiet title to said land; that said case was tried in the district court of Marshall county, Okla., and resulted in a judgment, "that Texie Coleman recover of and from the defendants Frank Sweeney and Joseph Sweeney, minors, nothing by reason of this

action; that Frank Sweeney and Joseph Sweeney are the owners of and have a fee-simple title to said lands, and are entitled to immediate possession thereof; that title and possession of said lands be, and the same are, forever quieted . in said defendants," which judgment was superseded and an appeal taken therefrom to this court, which affirmed said judgment (Coleman v. Sweeney et al., 56 Okla. 355, 156 Pac. 239), and mandate thereof was spread of record in said trial court. Thereafter the plaintiff brought this action against the defendants to quiet her title in said land, and to enjoin execution of the said judgment rendered by the district court of Marshall county in said former cause and from bringing action upon the supersedeas bond given in that case. The defendant answered, and sufficiently pleaded that the first suit was res judicata of the second suit. It was admitted in the plaintiff's petition that this action is to quiet title to the same lands that the former suit was brought to quiet, that the two actions are between the same parties, and that both suits seek the same relief. The case was tried to the court, and judgment rendered for the plaintiff that she is the owner of an estate for the life of Robert Sweeney in the lands described in said petition, and entitled to possession of said lands since the 1st day of March, 1911, and that defendants have not been entitled since March 1, 1911, to the possession of said lands, and enjoining the defendants from asserting any title to said land adverse to plaintiff's life estate therein, and enjoining the defendants from enforcing the said judgment rendered by the district court of Marshall county, Okla., on the 8th day of September, 1913, in said case of Texie Coleman against Frank Sweeney and Joseph Sweeney, and from bringing any suit upon the supersedeas bond given in said case for rent or damage by reason of said plaintiff occupying or holding said premises pending the appeal in said former case from the district court of Marshall county to the Supreme Court, and taxing said defendants with costs, to which rendition of judgment the defendant duly excepted.

The defendant timely moved for a new trial, which was overruled and excepted to. To reverse the judgment rendered the defendants perfected an appeal to this court.

There is but one material question involved in this case. Was the plea res judicata, if proven, a complete defense to this action? It is contended by the plaintiff

that this action is for a less estate—a life estate, than the estate involved in the former suit between these parties, and that in said suit the life estate was not set up or proven, and that therefore the res judicata pleaded was not, under the facts, a defense to this action, and with this contention we cannot agree.

The subject-matter, the parties, and the relief sought are the same in both cases, and the petition of plaintiffs admit all of the facts necessary to support the plea of res judicata as pleaded by the defendants. Therefore the former judgment, the same being rendered by a court of competent jurisdiction, was conclusive, "not only as to every matter involved in the former case, but as to every matter which might have been pleaded, or given in evidence, whether the same was pleaded or not. Prince v. Gosnell, 17 Okla. 570, 149 Pac. 1162.

In the well-considered opinion of Justice Hardy in Prince v. Gosnell, supra, following St. L. & S. F. R. R. Co. v. Hardy, 45 Okla. 423, 146 Pac. 38, it is held:

. "In the absence of exceptional facts, excusing a failure so to do, a party should plead all of the material facts that constitute his claim or defense, and failure to do so cannot be made the basis of another action."

The case of Prince v. Gosnell, supra, has been approved and followed by this court, in the following cases: Corrugated Culvert Co. v. Simpson Township, McIntosh County, 51 Okla. 178, 151 Pac. 854; Duncan et al. v. Deming Investment Co., 54 Okla. 680, 154 Pac. 651; Norton v. Kelly, 57 Okla. 222, 156 Pac. 1164.

The record in this case does not show any exceptional facts excusing failure to plead in the first case the life estate which is the basis of this action. We are of the opinion, and so hold, that the conclusions reached by us are not in conflict with the holding in Ratcliff-Sanders Grocery Co. v. Blue Jacket Mercantile Co. et al., 63 Okla. 298, 164 Pac. 1142, relied upon by plaintiff, as the necessary conditions "to make a matter res judicata" are shown by the record of the case to exist.

The life estate of Robert Sweeney had passed to plaintiff long prior to the time of the commencement of the first suit, and was held by her at the time of the said first suit, and the same could have been pleaded and proved in said first suit, and, as the same was not done, such life estate cannot

be made the basis of another suit.

In Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099, it is held:

"The purpose of an action to quiet title, under * * * section 4927, Revised Laws 1910, is to determine who is the real owner of the property and to put to rest all adverse claims. In such an action all matters affecting the title of the parties thereto may be litigated and determined, and the judgment rendered therein is final and conclusive as against the parties thereto and their privies."

In Woodworth, County Clerk, v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224, it is held:

"The whole philosophy of the doctrine res judicata is summed up in the simple statement that a matter once decided is finally decided, and all the learning that has been bestowed, and all the rules * * * laid down, have been for the purpose of enforcing that one proposition. (Hoisington v. Bradley [Kan.] 3 Pac. 355.)

It is the policy of the law to require the parties to litigate all matters relevant to the issue at one and the same time. The matter which is the basis of said second suit, being within the knowledge of the plaintiff prior to the commencement of said first action, and being a matter which she might have properly pleaded and proved therein, and which she failed to do, we think that the judgment in the former case is conclusive as to all matters therein litigated, and of all matters that have been therein litigated, including said life estate in said land.

The plea of res judicata, having been properly pleaded, and being fully sustained by the admission of plaintiffs in their pleading, the same was a complete defense to this action, and the court committed reversible error in rendering the judgment rendered.

This case is reversed and remanded, with instructions to the trial court to set aside the judgment rendered, to dissolve the injunction granted in this case, and to enter judgment for the defendants.

By the Court: It is so ordered.