## WINSHIP et al. v. RICKETTS et al.

Circuit Court of Appeals, Eighth Circuit. April 9, 1929.

No. 8391.

Guy H. Sigler, of Ardmore, Okl. (P. M. Jackson, of Ardmore, Okl., on the brief), for appellants.

H. A. Ledbetter, of Ardmore, Okl. (H. E. Ledbetter, J. B. Champion, Thomas W. Champion, and Louis Fischl, all of Ardmore, Okl., on the brief), for appellees.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

VAN VALKENBURGH, Circuit Judge. Appellants, consisting of the heirs of Ceyon Winship, a deceased full-blood Choctaw Indian woman, seek to recover from appellees an alleged remainder interest in certain land in Carter county, Okl., the same having been conveyed on January 14, 1905, by Sampson Winship and Ceyon Winship, his wife, to appellee B. C. Ricketts. The deed is in the words and figures following, to wit:

"Indian Territory, Southern District.

"This indenture, made this 14th day of January, 1905, by and between Sampson Winship and his wife, Ceyon Winship, parties of the first part, and B. C. Ricketts, party of the second part, witnesseth:

"That for and in consideration of the sum of one hundred dollars in hand paid by the said Ricketts to the said Sampson and Ceyon Winship, we hereby sell, transfer and convey unto the said B. C. Ricketts, his heirs and assigns forever, the following described lands and premises: * * *

"Party of the second part binds himself to pay the parties of the first part the further sum of four hundred dollars, payable January first, 1906, 1907, 1908, and 1909, provided the said first parties are living during said time, but if said parties die, such death is to cease payments.

"It is further agreed between the parties hereto that should there be any legislation under which the parties of the first part can convey a good and perfect title to the aforegranted lands, they will immediately convey the same to second party upon payment of a sufficient sum in addition to the other sums already paid to make the full purchase price for said lands the sum of eleven hundred and fifty dollars ($1150.00).

"Sampson Winship.
"Ceyon Winship.

"Witnesses: Eastman Jefferson, W. J. Hall."

(Acknowledgment omitted.)

The suit by which this recovery is sought was filed in October, 1927, in the district court of Carter county, Okl. The defendants in that suit, and appellees here, were Ricketts, the original grantee in the deed aforesaid, and those claiming through and under him.

This petition was in three counts. Both the first and second counts alleged that the possession of the defendants therein was illegal, wrongful, unlawful, and without right. The second count, however, contained the further allegation that at the time of the execution of the deed to Ricketts it was the intention of the parties to convey only a limited or lifetime interest in said land. Plaintiffs prayed that on a hearing they might recover possession of the lands described and have their title thereto forever quieted against each and all the defendants, that defendants be enjoined from claiming any right or title thereto, and for other and further relief.

The third count sets forth that said lands have been developed and produced large quantities of oil and gas of great value which defendants have converted to their own use and benefit, for which plaintiffs demand an accounting.

In November, 1927, appellees herein filed their bill against appellants setting forth that the title to the land in controversy had been finally adjudicated in a certain cause No. 346, filed July 22, 1908, in the Circuit Court of the United States for the Eastern District of Oklahoma, at Muskogee, in which the United States was complainant and appellee B. C. Ricketts and others were defendants, and in which said suit the United States was representing, and did represent, the said Sampson Winship and Ceyon Winship with respect to the identical property here involved. In the bill of complaint in said cause No. 346, the government alleged that each of the deeds therein set forth, including that from the Winships to Ricketts, was secured in defiant, willful, and open violation of law; that the grantors were without power or authority to sell or alienate the lands; that thereby each defendant obtained for himself an apparent title or interest of record, to the great detriment, irreparable injury, and loss of the Indians and in direct interference with the supervision, control, policy, and duty of the government of the United States in that behalf; that said deeds constituted a damage to the titles of the members of the Indian Tribes concerned, thereby greatly deteriorating the value of the interests of said tribes and their members in their lands; that by reason of the duties, obligations, and rights of the government, the United States is charged with the duty of protecting in the courts the rights of said Indians; and to that end the government sought that the defendants named should not only be ousted from the possession of said lands, but that the court should order the several deeds and instruments of writing, specified and described, to be surrendered and delivered up for cancellation and the record purged of the same; that all rights of possession should be declared to be in said Indians; that all defendants in possession, or claiming possession, be ordered to vacate or cease making claim thereto. While the complainant and its Indian wards were not in possession at the time suit was filed, nevertheless the bill in its essential features, and in the relief prayed, presented the elements of a suit to quiet title. The defendants, including appellee Ricketts, filed to this bill a demurrer involving the merits of the controversy. This demurrer was sustained in the following language: "It is considered, adjudged and decreed that the demurrer be sustained and the bill dismissed."

It is the contention of the appellees in this case that the judgment of dismissal became a bar to any further proceeding between the same parties based upon the same cause of action, and upon any cause of action which necessarily inhered in and could have been set up and litigated in that cause. For this reason appellees prayed that appellants, and each of them, be enjoined and restrained from further proceeding in the district court of Carter county, Okl., or in any other court, which would in any manner interfere with the title of appellees, as determined in said cause No. 346, in the Circuit Court of the United States for the Eastern District of Oklahoma.

The cause came on for hearing on motion for judgment in favor of appellees, plaintiffs below, on the answer of defendants there, appellants here. The court sustained the motion and decreed that appellants herein be perpetually enjoined and restrained from the further prosecution of the suit in the district court of Carter county, Okl., or any other suit involving the title to the lands described in the deed from Sampson Winship and Ceyon Winship to appellee Ricketts, hereinabove set out.

Appellants concede that the action of the court was proper as to the first count in their petition in the state court. They claim, however, that count, as well as the bill in cause No. 346, aforesaid, involved the entire fee, whereas count 2 of appellants' petition, in the suit in the state court of Carter county, Okl., is based upon the theory that the deed from the Winships to Ricketts conveyed, and was intended to convey, only a life estate; that this issue was not presented in government suit No. 346, and therefore appellants are not estopped to litigate it under count 2 in their suit in the district court of Carter

county, Okl. It is shown, therefore, that Ceyon Winship died some years ago, and that her heirs are entitled to recover the remainder interest, and to have an accounting for use and occupation since her death.

■ The applicable rule is thus well stated in 34 Corpus Juris, par. 1236, p. 18: "Matters Which Might Have Been Adjudicated. A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. In order, therefore, that this general rule, as to the operation of a judgment on the merits as an estoppel as to matters which might have been litigated may apply a party must present in one action all the reasons, grounds, and evidence which he may have in support of his claim or defense, and if he has several claims or titles to the property in controversy he must assert them all. Again if a party is brought into a case and has a fair legal opportunity to present and enforce any claim he may have in relation to the subject matter, he must avail himself of it, and whether an original party or an intervener, he must present his whole case, extending his claim so as to embrace everything which properly constitutes a part of his cause of action or defense. Further a plaintiff must recover in one action all he is entitled to; if dissatisfied with the result, he cannot bring a new suit to recover something more on the same cause of action." This rule has been announced by this court in a number of cases: Fowler v. Osgood, 141 F. 20–24, 4 L. R. A. (N. S.) 824; Hottelet Co. v. Garden City Milling Co., 285 F. 693; Sapulpa Petroleum Co. et al. v. McCray, 4 F.(2d) 645; Hickey v. Johnson, 9 F.(2d) 498–501; Ledbetter v. Wesley, 23 F.(2d) 81–84, 85.

■ And it is well settled that the entry of final judgment on a demurrer which includes objections going to the merits concludes the parties to it by way of estoppel in a subsequent action between the same parties on a different claim so far as the new controversy relates to the matters litigated and determined in the prior action. Bissell v. Spring Valley Township, 124 U. S. 225, 8 S. Ct. 495, 31 L. Ed. 411; United States v. California & Ore. Land Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476; and cases above cited.

■ "Where a plaintiff could have pleaded rights to property in addition to those pleaded, he and his grantees are bound by that election, and after an adverse judgment cannot again assert title to the same property against the same parties under a different source of title." Northern Pac. Ry. Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738. The opinion in this case cites with approval Parrish v. Ferris et al., 2 Black, 606, 17 L. Ed. 317; Indiana, Bloomington & Western Railway Co. v. Allen, 113 Ind. 581, 15 N. E. 446; and Davis v. Lennen, 125 Ind. 185, 24 N. E. 885. In the first of these cases the Supreme Court held that a judgment in proceedings of this nature determines the merits of the plaintiff's title as well as that of the defendant and is conclusive whether adverse to the one or the other.

In Indiana, B. & W. Ry. Co. v. Allen, supra, this was said: "Where a complaint to quiet title avers that the plaintiff is the owner of the land in fee, and that the defendant's claim is unfounded, a decree adjudging that he does so own the land, and that the defendant's claim is unfounded conclusively adjudicates all questions affecting the title, and the owner's enjoyment of the land under it, and bars a claim to an interest in the nature of an easement asserted under a license."

The Supreme Court of Oklahoma, in Sweeney et al. v. Coleman, 69 Okl. 31, 169 P. 495, used language peculiarly pertinent to the case at bar: "Where a party claims a life estate in land, and also claims a fee in the same, and brings action to recover said lands and remove clouds from the title thereto, and the only title pleaded and attempted to be proved in said cause is as to the fee, and the case is adjudged adversely to said party, appealed to and affirmed by this court, said party cannot maintain against the same parties, for the same land involved in the first action, another suit based upon the life estate, as in said first action, whether pleaded and proved or not, the former judgment is conclusive as to said life estate, since the same could have been pleaded and proved in the first action."

■ When the United States instituted equity suit No. 346, it undertook to represent and did represent Sampson and Ceyon Winship, whose deed to Ricketts it sought to cancel. The decree in that case binds Ceyon Winship and her heirs. Heckman v. United States, 224 U. S. 413–445, 32 S. Ct. 424, 56 L. Ed. 820; Hickey v. Johnson (C. C. A.) 9 F.(2d) 498–501.

The plaintiff could have pleaded that the

deed outstanding, if valid at all, conveyed but a life estate, and could have sought to limit the holding of Ricketts to that period. Instead, it was elected to sue for the entire fee and to pray cancellation and removal of all· claim. This suit having failed, the heirs cannot relitigate the title to the same property against the same party and his assigns. Incidentally it may be noted that while the deed itself bears intrinsic evidence that the parties' thereto entertained some doubt as to the soundness of the title, there is nothing to indicate that the grantors intended to convey less than all they had—rather the contrary. Fifteen years had elapsed since the decision in equity cause No. 346 and 10 years since the death of Ceyon Winship, when the suit in the state court was instituted. Apparently her heirs were satisfied with the state of this title, until the discovery of oil in quantity held out hope, if not prospect, of profitable litigation. As said in Ledbetter v. Wesley, supra, there is little to appeal to a court of equity in the suggestions made.

The decree below is affirmed.